UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:07-cr-66-01 SEB-KPF |
| vs. ) | |
| ) | |
| PAULA RUSH, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR
MODIFICATION OF SENTENCE**
(Docket No. 418)

On June 4, 2009, the Court sentenced Defendant to 135 months in prison followed by a 5 year term of supervised release upon her conviction for participating in a conspiracy to distribute cocaine. She now moves the Court to modify (i.e., reduce) her sentence based on her self-described "extraordinary" post-conviction rehabilitation efforts. In support of her motion, she states that during the time she has been incarcerated, she has successfully completed over 1,000 hours of educational and personal growth programing, finished a drug rehabilitation program, continuously held a job within the prison, earned her certification to work as an Administrative Assistant from a nearby community college, and maintained communications with her family and friends through letters, emails, telephone calls, and visits. She adds that she is truly remorseful for her crime.

Although Defendant's accomplishments are commendable, the Court cannot grant the requested relief. "A court can only modify a sentence after it has been imposed if one of three exceptions apply: (1) upon motion of the Bureau of Prisons (18 U.S.C. § 3582(c)(1)(A)); (2) to the extent otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35 (18 U.S.C.

§ 3582(c)(1)(B)); and (3) when the Sentencing Commission has made a guideline amendment retroactive (18 U.S.C. § 3582(c)(2))." U.S. v. Loudin, Crim. No. 04-0281, 2013 WL 588506, at *2 (W.D. Pa. Feb. 13, 2013). See also, U.S. v. Dixon, 687 F.3d 356, 358 (7th Cir. 2012) (recognizing the "general rule" that sentencing courts are not authorized to modify sentences after they are imposed). None of the three exceptions applies here.

The various judicial decisions cited in Defendant's motion which address the relevancy of post-conviction rehabilitation efforts in the sentencing context, including Pepper v. United States, 131 S.Ct. 1229 (2011), are not applicable. In the cited cases, the sentences at issue had all been set aside on appeal and the defendants' cases remanded to the district court for re-sentencing. Defendant's sentence has not been set aside by a higher court on appeal, and her case has not been remanded to this Court for re-sentencing. Under the circumstances here, the Court has no authority to act. Defendant's motion is, therefore, DENIED.

IT IS SO ORDERED.

Date: 01/17/2014

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Copies to:

Paula Rush #08584-028
SFF Hazelton
P.O. Box 3000
Bruceton Mills, WV 26525

and

Electronically registered counsel of record via ECF